BENEDICT vs. WESTOVER.

LIBEL: *publication.*

An averment, in libel, that the defendant "composed, *uttered,* wrote and sent to R. Dunn & Company, in Milwaukee, Wisconsin (a commercial agency)," certain words concerning the plaintiff, sufficiently avers *publication* of the words.

APPEAL from the Circuit Court for *Waukesha* County.

Action for libel. The complaint avers that, at the time of the alleged libel, plaintiff was in business as a hardware merchant in Oconomowoc, in this state, and was of good name, credit, etc., in said business; that, on etc., defendant "maliciously composed, uttered, wrote and sent to R. Dunn & Company, in Milwaukee, Wisconsin (a commercial agency), of and concerning the credit and standing of this plaintiff, a certain article in writing," which is recited at length, and alleged to be false and defamatory. Special damages are then averred.

Defendant demurred to the complaint as not stating a cause of action; and appealed from an order overruling his demurrer.

The cause was submitted on the brief of *J. Henry Westover* for the appellant, and that of *Edwin Hurlbut* for the respondent.

ORTON, J. The only points made upon the demurrer by the appellant are, that the words "composed, *uttered,* wrote and *sent*" do not sufficiently allege a publication of the libelous letter, and the statement, "sent to R. Dunn & Company, in Milwaukee, Wisconsin (a commercial agency)," is no allegation that the letter was sent to any *person.* The word "utter," according to Bouvier, means, 1. To "offer;" 2. To "*publish;*" and according to Webster, it is used in the sense of "publishing," and "putting in circulation." It is not the technical word commonly and more properly used in pleading, in cases

of libel; but is equivalent in meaning, and certain in common intendment to express the fact of publication. The word "sent" gives force to the allegation, and puts it beyond question as a sufficient statement of publication.

The other objection is simply frivolous.

*By the Court.* — The order of the circuit court is affirmed, with costs.